■ Bill of exception No. 4 complains of the failure of the court to charge the jury that the complaint and information were no evidence of guilt. Recently, in Magness v. State, 156 Tex.Cr.R. 573, 244 S.W.2d 810, in writing on the same contention, we said:

"Though the trial court might well have given the requested charge, we are unable to agree that his failure to do so was prejudicial to the rights of appellant. See Adams v. State, 113 Tex. Cr.R. 501, 21 S.W.2d 1057."

■ Appellant next complains of that portion of the court's charge in which he instructed the jury that they might convict if they found that the appellant did "drive and operate" a motor vehicle on the grounds that the complaint and information charged only that he did "operate" a motor vehicle.

We hold such terms to be synonymous, and the court's charge to be proper.

No reversible error appearing, the judgment of the trial court is affirmed.

On Appellant's Motion for Rehearing

BELCHER, Commissioner.

■ The complaint of the refusal of the court to charge the jury on the appellant's failure to testify cannot be sustained. Such an instruction is not required to be given to the jury. 1 Branch's Ann.P.C., 2d Ed., 419, Sec. 397; Pounds v. State, 142 Tex. Cr.R. 52, 150 S.W.2d 798; Oakley v. State, Tex.Cr.App., 214 S.W.2d 298; Ponder v. State, 159 Tex.Cr.R. 585, 265 S.W.2d 836.

The motion for rehearing is overruled.

Opinion approved by the Court.

Corine **CHILDRESS**, Appellant,

v.

*The* **STATE** *of Texas, Appellee.*

No. 28960.

Court of Criminal Appeals of Texas.
April 17, 1957.

No attorney for appellant of record on appeal.

Leon B. Douglas, State's Atty., Austin, for the State.

PER CURIAM.

The offense is the unlawful possession of wine and beer for the purpose of sale in a dry area; the punishment, a fine of $100.

The record on appeal contains no statement of facts or bills of exception. All proceedings appear to be regular, and nothing is presented for review.

The judgment is affirmed.